IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. KOTORA, | : | |
| Plaintiff | : | Civil Action 2:08-cv-756 |
| v. | : | Judge Smith |
| CLEAR CHANNEL INC, et al., | : | Magistrate Judge Abel |
| Defendant. | : | |

**Initial Screening Report and Recommendation**

Plaintiff Michael William Kotora brings this action which is based in (according to its civil cover sheet) subject matter jurisdiction under 28 U.S.C. §1331 or (according to Plaintiff's motion for leave to proceed without prepayment of fees and costs) diversity jurisdiction under 28 U.S.C. §1332(a)(1).  Plaintiff's civil cover sheet indicates that the action relates to one or more of product liability, employment discrimination, and copyright violation; he indicates also that he is bringing a cause of action under 15 U.S.C. §1117 for trademark violation.  Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, files to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See, e.g., McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief against defendants. Accordingly, the Magistrate Judge recommends dismissal of the complaint.

The complaint generally alleges that Defendants have implanted some sort of recording device in Plaintiff's throat, and that by means of this device Defendants have misappropriated Plaintiff's "public and private attributes". Amongst other things, Defendants have allegedly broadcast Plaintiff's voice without his consent over a radio station based in the Marietta, Ohio area. (Plaintiff apparently refers to WHBR-FM, based in Parkersburg, West Virginia, and licensed to nonparty Burbach of De, LLC.)

The complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief..." as required by Rule 8(a)(2), Fed. R. Civ. P. The complaint variously claims that Defendants, possibly with the assistance of nonparty Trinity Health Systems, have violated Plaintiff's right to contract, that they have failed to abide by a quasi-contract, that they have defamed or threatened to defame him, that they have infringed upon his copyrights and/or trademarks, and that they generally have "manipulated [his] life by fear and prospective economic advantage" and that Plaintiff has become "comingled with [Defendants'] profits". Plaintiff alleges at one point that his "quasi-contract" arose when an employee of Trinity Health Systems advised him that if he did not execute a power of attorney he was "going to go to the state mental institution".

It is simply impossible to determine what legally cognizable harm has been

inflicted upon Plaintiff or what relief this Court could or should grant upon such claims. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989); *see also Lawler v. Marshall*, 898 F.3d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible". *Denton v. Hernandez*, 504 U.S. 52, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. Denton, 504 U.S. at 33. Here the allegations stated in the complaint are so wholly incredible that the pleading is legally frivolous.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that Plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2nd Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge