IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. KOTORA, | : | |
| Plaintiff | : | Civil Action 2:08-cv-756 |
| v. | : | Judge Smith |
| CLEAR CHANNEL INC, et al., | : | Magistrate Judge Abel |
| Defendant. | : | |

**Order Adopting Report and Recommendation**

Plaintiff Michael William Kotora filed his Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) on August 5, 2008. On August 29, 2008, the Magistrate Judge issued a Report and Recommendation (Doc. 2) granting Plaintiff's application to proceed without prepayment of fees, but recommending that Plaintiff's Complaint be dismissed for failure to state a claim. This matter is now before the District Judge pursuant to Plaintiff's Objections (Doc. 6), timely filed on September 18, 2008.

Federal law provides at 28 U.S.C. §636(b)(1) that the District Judge shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations of the Magistrate Judge to which objection is made. Plaintiff's objections state, puzzlingly, that he will "file [his] complaint within the next three weeks from today at the latest." (Doc. 6 at 1.) Nevertheless, Plaintiff has already filed a complaint (Doc. 4), it is this complaint upon which the Magistrate Judge issued a

report and recommendation, and is this complaint upon which the Court now conducts its *de novo* review of the recommended dismissal.  Furthermore, Plaintiff's objections do not specify what finding or recommendation of the Magistrate Judge are objectionable.  However, as the Magistrate Judge's finding was generally that Plaintiff's allegations were so wholly incredible that his Complaint is legally frivolous, the Court will interpret Plaintiff's objections - which consist generally of an account of the perceived wrongs inflicted upon him by Defendants - as an attempt to demonstrate that his allegations are not frivolous.

As the Magistrate Judge reported, Plaintiff alleges generally in his Complaint that Defendants have implanted a recording device in his throat, and that they have on occasion broadcast his voice without his permission upon WHBR-FM.  In his objections, Plaintiff elaborates upon this account, alleging that in the summer of 2002 "[Defendants] apparently got my [sic] drunk and put a microphone in my throat", that in 2002 WDXD-FM broadcast vulgarities directed specifically at him, and that radio entertainer Howard Stern had "harassed" him "on national radio".  He requests a CT scan, apparently to locate the implant, "a substantial sum of money from clear channel along with the amnesty from being forced to give up my private person status legally", and "a contract for the promotion of my book".

Upon *de novo* review, and in light of the above, the District Judge adopts the finding of the Magistrate Judge that Plaintiff's allegations are delusional or rise to the level of the irrational or "wholly incredible", and that this action thus has no arguable factual basis.  *Denton v. Hernandez*, 504 US 25, 32-33 (1992); *Lawler v. Marshall*, 898

F.2d 1196, 1198 (6th 1990).  For this reason, the Report and Recommendation of the Magistrate Judge (Doc. 2) is hereby **ADOPTED**.  This action is **DISMISSED WITH PREJUDICE**.

          s/ George C. Smith
          United States District Judge